STEEL and another, Appellants, v. RITTER and another, Respondents.*

*March 6—April 3, 1962.*

* Motion for rehearing denied, with $25 costs, on June 5, 1962.

For the appellants there was a brief by *Arnold, Philipp, Murray & O'Neill* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondents there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

BROADFOOT, C. J.   Beaumont A. Steel, one of the plaintiffs, testified that he and his sister were the owners of a farm, consisting of 265 acres, upon which the building was located.   The dwelling and most of the buildings were on the easterly portion of the farm while the building which is the subject of this action was located on the westerly portion of the farm.   It was built about the year 1874 of hand-hewed timbers, sided with pine stock boards and with a shingled roof.   Originally it was built as a barn, but for several years it had been used only for storage purposes. Mr. Steel testified that in his opinion the value of the building was $14,000.   On cross-examination he admitted that he based his opinion upon figures he received from a contractor as to the cost of building a barn of comparable size, at a different location, and with somewhat-different facilities.

Plaintiffs offered the testimony of other contractors as to the replacement cost of a building of similar size, but the court refused to admit the testimony.   The court was correct in excluding the offer, although the reason it gave was wrong.   It was the opinion of the trial court that the loss of a building was damage to the realty and therefore the only measure of damages was the difference in the fair market value of the farm before the fire and after the fire.

This is one rule that is sometimes invoked to determine damages in case of a complete loss of a building. However, it was not the only measure of damages that could be applied in the instant case.

On the other hand, the plaintiffs were urging a rule of damages that would have been unfair to the defendants. There is no rule, even when a loss is occasioned by negligence, that requires defendants to replace a building more than eighty years of age with a new building without applying some measure of depreciation to make allowance for the age and condition of the building destroyed. To apply any realistic rate of depreciation would leave nothing for plaintiffs to recover.

The plaintiffs now urge and cite the rule that is applicable when buildings are partially destroyed. Several Wisconsin cases have dealt with that situation but the rule of damages therein expressed is not applicable here. In a case of this kind the building had some value in that it was used and usable, and the value of the building itself would have been the proper measure of damages. The plaintiffs had the burden of presenting competent proof of the value of the building and its contents. No proof whatever was adduced as to the value of the contents of the building. Since the plaintiffs failed to meet their burden, the trial court was correct in granting the motion for a directed verdict.

The plaintiffs now contend that the judgment should be reversed because the trial court did not obtain jurisdiction over the defendants in that the guardian *ad litem* for the defendants has never demurred to the complaint nor interposed a verified answer. The answer was verified by their attorney, who resided in a different county, under a well-known rule. There is no basis for the contention that the guardian *ad litem* must verify pleadings. The guardian *ad*

*litem* is not a party to the action. The fact that the minors appeared by guardian *ad litem* did not mean that he was an additional defendant. Even the failure to appoint a guardian *ad litem* for a minor defendant does not throw him out of court. The minor still remains a party to the action and the omission to appoint a guardian *ad litem* may be remedied at any stage of the proceedings. There is no merit to plaintiffs' contention.

*By the Court.*—Judgment affirmed.